# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL DWAYNE CAETANO,<br><br>Plaintiff,<br><br>v.<br><br>KINGS COUNTY SHERIFF, et al.,<br><br>Defendants. | Case No.: 1:22-cv-0261 JLT HBK (PS)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR EMERGENCY INJUNCTIVE RELIEF<br><br>(Doc. 4) |

Nathaniel Caetano seeks emergency injunctive relief, asserting that he "labored for 4,444 days" without payment. (Doc. 4.) He seeks immediate payment of the alleged unpaid wages and profits from a bond he believes should be sold. (*Id.* at 1-4.)

Importantly, "[a] preliminary injunction is an 'extraordinary and drastic remedy'... never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest" *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir.2009) (quoting *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008)). Based upon the Court's review of the pleadings, it is not clear Plaintiff may succeed on the merits, and or suffer an irreparable harm. Indeed, a monetary injury—even if severe—is an insufficient ground for injunctive relief. *Sampson v. Murray*, 415 U.S. 61, 90-92 (1974). That is because monetary loss

may be compensated and is a reparable harm.  *See Am. Trucking Ass'ns*, 559 F.3d at 1052; *Sampson*, 415 U.S. 90-92.  Because Plaintiff clearly claims only a monetary injury, injunctive relief is not appropriate. Accordingly, the Court **ORDERS**: Plaintiff's request for emergency injunctive relief (Doc. 4) is **DENIED**.

IT IS SO ORDERED.

Dated:   **April 18, 2022**

UNITED STATES DISTRICT JUDGE