UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL DWAYNE CAETANO,<br><br>    Plaintiff,<br><br>    v.<br><br>KINGS COUNTY SHERIFF, et al.,<br><br>    Defendants. | Case No.: 1:22-cv-0261 JLT HBK<br><br>ORDER DISMISSING THE ACTION, DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, AND DIRECTING THE CLERK OF COURT TO CLOSE THE ACTION |

Nathaniel Dwayne Caetano is a state prisoner, who initiated this action by filing a complaint for a "Case in Admiralty" on March 3, 2022. (Doc. 1.) Plaintiff seeks to proceed *in forma pauperis* in this matter. (Doc. 2.) In addition, Plaintiff filed a motion for an award of costs and attorney's fees, for "Appointing Indigent Plaintiff Ward Funds for 40 Hours or Private Investigator Services" and for "Appointing Indigent Plaintiff Ward Funds for 40 Hours of Paralegal Services." (Doc 3.)

For the reasons set forth below, the Court finds the action is frivolous, the complaint is dismissed without leave to amend, and the motion to proceed *in forma pauperis* is denied. In addition, the remaining motions are terminated as moot.

**I.     Screening and Pleading Requirements**

When a plaintiff seeks to proceed *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or … seeks monetary

1

relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2).

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of a complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 678 (citations omitted). If factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

To the extent that the pleadings can be cured by the plaintiff alleging additional facts, leave to amend should be granted. *Cook, Perkiss and Liehe, Inc. v. Northern Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

### III. Plaintiff's Allegations[1]

Plaintiff is currently housed at the California Substance Abuse Treatment Facility in Corcoran, California. He brings this action for allegedly unpaid pilot and seaman wages against multiple defendants, including: "Payment Bond for Contract #09CM3557;" the Kings County Sheriff; the Kings County Superior Court and Nocona Soboleski, "Executive Officer/Clerk of the Court;" the Eastern District of California Court (Fresno); and Keith Holland, "Executive Officer/Clerk of the Court." (Doc. 1 at 1-2.)

Plaintiff asserts that he is "Private Man, Private Citizen, Sovereign … Secured Party Creditor of Nathaniel Dwayne Caetano." (Doc. 1 at 7, emphasis omitted.) He also alleges his physical body is "a transportation watercraft, and by law .... a vessel." (*Id.*) His complaint includes nearly incomprehensible allegations concerning penal bid bonds, performance bonds, and payment bonds—all of which stem from his November 18, 2009, arrest by the Kings County Sheriff on charges of cultivating marijuana, arson and first-degree murder and his subsequent Kings County Superior Court criminal judgment in 09CM3557. (*See id.* at 10-12.)

Plaintiff alleges a penal bid bond was generated at the time of his arrest. (Doc. 1 at 11-12.) Plaintiff further claims the Kings County Superior Court did not disclose the penal bid bond and created/ordered a judgment. (*Id.* at 12.) According to Plaintiff, the Kings County Superior Court then sold the bond and judgment to the U.S. District Court (Eastern District of California, Fresno), and the district court in turn sold the bond/judgment to one of its contractors, who in turn resold it to the highest bidder, a bond investor, generating a performance bond and a payment bond. (*Id.* at 12-13.)

Plaintiff seeks "unpaid wages (Stevedore), labor, material and pilotage." (Doc. 1 at 8.) Plaintiff asserts that he charges "$4,500.00 USD as a Pilot, Seaman, Materialman and laborer as and for this vessel as a contract performer." (*Id.* at 10.) Plaintiff alleges he has worked "piloting this

---

[1] The Court may take judicial notice of a fact that "is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). Judicial notice may be taken of the Court's records and docket. *See Mullis v. U.S. Bank. Ct*., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987). Accordingly, the Court takes judicial notice of the docket and filings in *Caetano v. Kings County Sheriff*, Case No. 22-0222-JLT-BAM. In so doing, the Court notes the allegations in Plaintiff's complaint are identical to those in the complaint filed on February 22, 2022. Indeed, the first twenty pages of the complaint in this action are identical to the complaint Plaintiff filed in Case No. 22-0222.

vessel, laboring 24 hours a day in prison, performing for Contract 09CM3557, everyday; for 4,444 days straight without a previous day off, vacation, sick leave, etc." (*Id.* at 14.) For the period through 1/20/2022, Plaintiff calculates damages and unpaid wages as totaling $19,998.000.00 (4,444 x $4,500.00). (*Id.*)

### IV.     Discussion and Analysis

A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989) (finding claims may be dismissed as "frivolous" where the allegations are "fanciful" or "describe[e] fantastic or delusional scenarios"). The Court may ... dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless." *Howell v. Johnson, et al.*, 2021 WL 3602139, at *1 (E.D. Cal. 2021) (citing *Neitzke*, 490 U.S. at 327). "The critical inquiry is whether a ... claim, however inartfully pleaded, has an arguable legal and factual basis." *Id.* (citations omitted).

As the Court determined in the prior matter, Plaintiff's allegations are "based on indisputably meritless legal theories." (*See* Case No. 22-0222-JLT-BAM, Doc. 5 at 4.) Although Plaintiff purports to bring this suit as a "Case in Admiralty" (Doc. 1 at 1), there is no connection between Plaintiff, admiralty, or any maritime activity. Plaintiff also seeks to bring this action to secure penal bid bonds, payment bonds and performance bonds arising from his arrest and conviction that he claims have been sold by the state and federal court. However, the Court previously explained to Plaintiff: "these theories are based on legal interests that clearly do not exist." (*See* Case No. 22-0222-JLT-BAM, Doc. 5 at 4.)

To the extent Plaintiff's allegations are based on a sovereign citizen ideology—in referring to his body as a "Sovereign" and a vessel—courts uniformly and summarily have rejected arguments premised on such ideology as frivolous and meritless. *See, e.g., United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986) (rejected arguments premised on the sovereign citizen ideology as "utterly meritless"); United States v. Sterling, 738 F.3d 228, 233, n.1 (11th Cir. 2013) (noting courts "summarily reject[]" as frivolous the legal theory of individuals who consider themselves sovereign

4

and not subject to the jurisdiction of the courts); *United States v. Benabe*, 654 F.3d 753, 761 (7th Cir. 2011) ("[Sovereign citizen] theories should be rejected summarily, however they are presented"); *see also Mackey v. Bureau of Prisons*, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016).

Finally, Plaintiff's assertion that his physical body is a transportation watercraft rises "to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. As a result, the Court finds the allegations are factually frivolous. *See id.* Similarly, Plaintiff's allegations concerning the generation and sale of a penal bid bond/judgment, and creation of performance and payment bonds, rise to the level of the irrational or wholly incredible.

## V.     Conclusion and Order

Plaintiff's complaint lacks an arguable basis in both law and fact, and he does not state a plausible claim. Because the complaint is frivolous, dismissal without leave to amend is appropriate. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n. 8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend."). Because the action is frivolous, denial of his application to proceed *in forma pauperis* is also appropriate. *See e.g., Minetti v. Port of Seattle,* 152 F.3d 1113, 1115 (9th Cir. 1998) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit"); *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (same). Accordingly, the Court **ORDERS**:

1. Plaintiff's complaint is **DISMISSED** without prejudice.
2. Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **DENIED**.
3. Plaintiff's remaining requests (Doc. 3) are terminated as moot.
4. The Clerk of Court is directed to close this action.

IT IS SO ORDERED.

Dated:     **April 27, 2022**

*Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE